UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MANUEL GOMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | NO. 14-CR-10023-NMG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION REGARDING PETITIONER'S MOTION UNDER 28
U.S.C. § 2255 AND 18 U.S.C. § 3582(c)(2) (#57)

CABELL, U.S.M.J.

Manuel Gomes ("Gomes" or "the petitioner"), petitions for a writ of *habeas corpus* under 28 U.S.C. § 2255. Gomes argues that his lawyer provided ineffective assistance in failing to prevent the Court from applying a two-level role-in-the-offense enhancement in calculating his offense level under the Sentencing Guidelines (the "Guidelines"). He argues also that he is eligible pursuant to 18 U.S.C. § 3582(c)(2) to retroactively receive the benefit of a Guidelines amendment which would effectively shorten his sentence. (#57 at 1-3).

## I.   BACKGROUND

On November 4, 2014, Gomes pled guilty to an indictment charging him with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (#42). Gomes pled guilty pursuant to a plea agreement which contemplated a Guidelines range of 41-51 months. (#51). Relevant here, that range did not include as part of its calculation a two-level enhancement for an aggravating role in the offense. By contrast, the Probation Office's presentence report (PSR) *did*

include that enhancement, pursuant to U.S.S.G. §3B1.1(c)[1]. The Probation Office found the enhancement to be applicable because Gomes apparently supervised an individual as part of his activity and therefore acted as a supervisor in the context of criminal activity involving less than five participants. (PSR, ¶ 42). The Probation Office calculated Gomes's total offense level to be 23.[2] Combined with a Criminal History Category of II, the resulting Guidelines range was 51-63 months of incarceration (PSR, ¶¶ 36-48, 103). On February 13, 2015, the Court adopted the calculations in the PSR and found the applicable Guidelines range to be 51-63 months. (#54 at 7). The Court, citing the factors set forth in 18 U.S.C. § 3553(a), imposed a prison sentence at the low end of that range, 51 months. (#54 at 16).

## II. ANALYSIS

### A. Overview of the Claims

Gomes argues that his lawyer provided ineffective assistance in failing to prevent the Court from applying the two-level enhancement for an aggravating role in the offense. Gomes argues that his Guidelines range would have been 41-51 months had the adjustment not been applied. Gomes presumes that, because the Court imposed a sentence at the low end of the range, the Court "almost certainly" would have imposed a lower sentence had it applied the range Gomes urges now.

---

[1] U.S.S.G. §3B1.1(c) provides that: [i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." Subsections (a) and (b) provide enhancements for an organizer, leader, manager or supervisor in a criminal activity involving five or more participants.

[2] The PSR calculated the offense level as follows. The base offense level was set at 24 pursuant to §2D1.1 because the defendant was accountable for at least 28, but less than 112, grams of cocaine base. The PSR then applied the two level adjustment at §3B1.1(c) for Gomes's supervisory role, for an adjusted offense level of 26. The PSR then applied a three level reduction under §3E1.1 for Gomes's acceptance of responsibility, yielding a total offense level of 23.

Gomes also argues that he should be eligible to have his sentenced reduced based on a November 1, 2014 Guidelines amendment lowering the range applicable to him.

The Respondent United States of America (the "government") responds that Gomes's first argument fails because the Court ultimately imposed a sentence (51 months) that was correctly calculated and in any event still fell within the range that would have applied even had Gomes's lawyer been successful in preventing application of the two-level enhancement.  It argues that his second argument fails because he was in fact sentenced pursuant to the amended guidelines.

### B.  Analysis of the Claims

1. <u>The claim under 28 U.S.C. § 2255</u>

A prisoner may seek post-conviction relief pursuant to 28 U.S.C § 2255 if his sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is "otherwise subject to collateral attack . . ." 28 U.S.C. § 2255.  A motion under § 2255 motion is generally cognizable "only if it involves 'a fundamental defect [that] inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Sevilla-Oyola*, 770 F.3d 1, 12 (1st Cir. 2014) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  The crux of the petitioner's principal claim is that the Court "almost certainly" would have imposed a sentence of less than 51 months had it not applied an adjustment for his role in the offense.  He contends his counsel provided ineffective assistance in failing to obtain this result.

In *Strickland v. Washington*, the Supreme Court established a two-pronged test to determine whether counsel was ineffective.  First, the defendant must show that counsel's

performance was deficient, meaning that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). As noted, Gomes argues that his lawyer was inadequate because he failed to prevent the Court from applying the two-level enhancement under §3B1.1(c) for an aggravating role in the offense, as recommended by the Probation Office.

Gomes cannot satisfy *Strickland* here, for at least three reasons. First, the facts supported the Court's application of the two-level enhancement, that is, they supported the finding that Gomes exercised control over at least one other participant. As the PSR indicates, Gomes directed an individual named Paul to sell drugs to a cooperating witness (CW), and Paul told the CW that Gomes would have to be consulted when the CW requested a lower price. (PSR ¶¶ 23-31). It was wholly appropriate for the Court to apply the two-level enhancement on these facts. *See* U.S.S.G. 3B1.1(c) ("If the defendant was an organizer, leader, manager, or supervisor in any criminal activity [involving at least two but less than five participants], increase by 2 levels"); *United States v. Al-Rikabi,* 606 F.3d 11, 14 (1st Cir. 2010). Accordingly, and as a matter of logic, Gomes's counsel cannot be found to have been deficient for failing to prevent the application of a Guidelines provision supported by the record.

Second, Gomes's counsel *did* argue against application of the enhancement, both in the PSR and at the sentencing hearing. (PSR Objection 2-4; #54 at 4-5). As such, counsel, although ultimately unsuccessful, did not fail to argue against application of the enhancement and thus did not provide deficient performance. To the extent Gomes is heard to argue that his claim here is

not that his counsel failed to raise the argument at all, but rather that his advocacy was so inadequate that it failed to persuade the Court, that argument fails easily here where the facts supported the application of the enhancement, and Gomes does not even attempt to suggest what his counsel should or could have argued that would have compelled a different result.

Finally, even had counsel been successful in preventing application of the two-level enhancement, it would have resulted in a Guidelines range of 41-51 rather than 51-63 months. Notably, the 51 month sentence the Court imposed fell within that lower range. Gomes contends that the Court would have "almost certainly" imposed a sentence lower than 51 months but that speculative argument just cannot constitute *Strickland* error where the Court imposed a sentence that fell within the range Gomes himself advocated.

In short, this is not a case of deficient performance "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland,* 466 U.S. at 687. On the contrary, and as it relates to the issue raised here, counsel provided effective assistance; the Court simply chose to (correctly) apply a Guidelines provision Gomes did not want to be applied.

2. The claim under 18 U.S.C. § 3582(c)(2)

Section 3582(c)(2) provides, in conjunction with U.S.S.G. §1B1.10, that a defendant is eligible for a sentence reduction based on a retroactive guideline amendment if the defendant's sentence was "based on" the subsequently amended range and the amendment has the effect of lowering that range. 18 U.S.C. § 3582(c)(2). The government presumes, and common sense and logic support, that Gomes seeks a reduction here based on "Amendment 782" to the Guidelines. That amendment effected a change to §2D1.1 and §2D1.11 of the Guidelines and brought about a two-level reduction in all offense levels found in those provisions, effective

November 1, 2014. As the government points out, though, Gomes was sentenced on February 13, 2015, after the effective date of Amendment 782, and his sentence was in fact calculated with the benefit of that amendment. (#52; PSR ¶ 36). He therefore received the benefit at his original sentencing and is not eligible for a further reduction.

### III. CONCLUSION

For all the above reasons, I recommend that the petitioner's motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be DENIED.

### IV. REVIEW BY THE DISTRICT JUDGE

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., or Rule 59(b), Fed. R. Crim. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603(1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

       / s /Donald L. Cabell  
       Donald L. Cabell  
       United States Magistrate Judge

DATED: August 22, 2016